UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE SHAW,

    Plaintiff,

v.

APWU HEALTH PLAN and LM
GENERAL INSURANCE
COMPANY,

    Defendants.
_____/

Case No. 2:18-cv-13590

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER DENYING MOTION FOR REMAND [7]**

On September 24, 2018, Plaintiff Laurie Shaw filed a complaint in state court against Defendants APWU Health Plan ("APWU") and LM General Insurance Company ("LM General"). ECF 1-2 (Plaintiff's complaint).[1] She alleged breach of contract against LM General and sought injunctive relief against APWU. *Id.* at 20–21. On November 17, 2018, Defendant APWU removed the case to federal court. ECF 1 (notice), 5 (order granting motion for leave to file removal petition nunc pro tunc). Plaintiff filed a motion for remand, arguing that the Court lacks subject matter jurisdiction. ECF 7.

The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court will deny Plaintiff's motion for remand.

---

[1] Defendant APWU was served with the complaint on October 18, 2018. ECF 1, PgID 1–2.

1

## BACKGROUND

On November 29, 2015, Plaintiff was injured in a motor vehicle accident. ECF 1-2, PgID 17. Because she was an employee of the United States Postal Service, APWU initially paid her expenses related to the accident. *Id.* at 18. APWU provides benefits under the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901, *et seq.* ("FEHBA"). *Id.* at 18.

At the time of the accident, Plaintiff was covered by LM General's automobile insurance contract, and she submitted a claim to LM General. *Id.* at 17. LM General refused to pay. Its position—based on Michigan law—is that its obligation to pay benefits to Plaintiff is secondary to APWU's obligation to pay Plaintiff. ECF 1, PgID 3–4.

On November 3, 2017, Plaintiff settled her third-party claims for approximately $47,000. ECF 1-2, PgID 18. APWU asserted a lien on Plaintiff's third-party settlement, citing its reimbursement and subrogation rights under FEHBA.[2] *Id.* at 19. Plaintiff argues that LM General is liable for the full amount of the reimbursement claimed by APWU. *Id.* Plaintiff argues that LM General has breached the insurance contract by failing to pay her claim. *Id.* at 20. She also argues that APWU can assert its rights against LM General and seeks injunctive relief to prevent APWU from encumbering her third-party settlement. *Id.*

---

[2] Subrogation is "a carrier's pursuit of a recovery from any party that may be liable [or] any applicable insurance policy[.]" ECF 1-12, PgID 470.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

I. <u>Removal of Cases Over Which Courts Have Original Jurisdiction, 28 U.S.C. § 1441</u>

The removal of civil actions statute, 28 U.S.C. § 1441, authorizes, *inter alia*, removal of cases over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal arising-under jurisdiction does not encompass a FEHBA carrier's suit seeking reimbursement of the full amount paid for a beneficiary's health care. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 683 (2006). "FEHBA itself provides for federal-court jurisdiction only in actions against the United States." *Id.*

II. <u>Officer Removal Statute, 28 U.S.C. § 1442(a)(1)</u>

The officer removal statute authorizes removal in cases against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof . . . for or relating to [an] act under color of such office[.]" 28 U.S.C. 1442(a)(1). "Section 1442(a) . . . is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases

in which a federal officer is a defendant."³ *Mesa v. California*, 489 U.S. 121, 136 (1989). "[I]t is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for [purposes of Article III of the Constitution.]" *Id.* But for the officer removal statute, assertion of a federal defense would be insufficient for removal. *Id.*

When the removing party is not a federal officer, it must demonstrate that: (1) "it is a 'person' within the meaning of" § 1442 who "acted under a federal officer"; (2) "it performed the actions for which it is being sued 'under color of federal office'"; and (3) "it raised a colorable federal defense." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010)) (alterations omitted). A defense "need only be plausible" to be colorable. *Id.* at 1089.

"[A] private firm does not "act under" a federal officer simply because its activities are directed, supervised, and monitored by an agency." *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 622 (6th Cir. 2016). But "[d]etailed regulation, monitoring, or supervision of a contractor" can signal an "unusually close" relationship that can establish "formal delegation that falls within § 1442(a)." *Id.* (internal quotations and citation omitted). A FEHBA carrier is not acting under federal authority when the claims do not arise out of "procedure dictated by the OPM." *Transitional Hosp. Corp. of La., Inc. v. La. Health Serv.*, No. Civ.A.02–354, 2002 WL 1303121, *3 (E.D. La. June 12, 2002).

---

³ In 1996, 28 U.S.C. § 1442 was amended to authorize removal by not only federal officers but also the United States and federal agencies. Pub. L. No. 104-317 § 206, 110 Stat. 3847.

## DISCUSSION

The Court does not have original jurisdiction over the case. *McVeigh*, 547 U.S. at 683. FEHBA's preemption provision, 5 U.S.C. § 8902(m)(1), preempts state anti-subrogation laws. *Coventry Health Care of Mo., Inc. v. Nevils,* 137 S. Ct. 1190, 1196-1199 (2017). *Nevils*'s preemption holding does not change *McVeigh*'s jurisdictional holding. Section "8902(m)(1) is a choice-of-law prescription, not a jurisdiction-conferring provision." *Id.* at 1198 (citing *McVeigh*, 547 U.S. at 697) (quotations omitted). "[E]ven if FEHBA's preemption provision reaches contract-based reimbursement claims, that provision is not sufficiently broad to confer federal [arising under] jurisdiction." *McVeigh*, 547 U.S. at 698 (2006). Thus, APWU cannot remove under § 1441.

But APWU removed under the officer removal statute. Section 1442(a) gives federal courts jurisdiction over cases in which they would not have original jurisdiction, so long as the removing federal officer raises a question of federal law in its removal petition. *See Mesa*, 489 U.S. at 136. If APWU fulfills the requirements of the officer removal statute, the Court has subject-matter jurisdiction over the case.

I. <u>"Person" "Acting Under" A Federal Agency or Officer</u>

First, APWU must demonstrate that it is a "person" within the meaning of § 1442 who "acted under a federal officer[.]" *Bennett*, 607 F.3d at 1085.

A corporation is a person for the purposes of § 1442(a)(1). *Id.* Thus, APWU is a person for purposes of the officer removal statute.

APWU also acted under federal authority in pursuing reimbursement and subrogation. FEHBA gives the Office of Personnel Management ("OPM") authority to

5

contract with carriers to provide health benefit plans. 5 U.S.C. § 8902(a), (d). The contract between OPM and APWU provides that APWU's subrogation rights "shall be in accordance with the provisions of the agreed upon [brochure text]". ECF 1-5, PgID 35 (2015); *see also* ECF 1-6, PgID 64 (2016) ("The Carrier's subrogation and reimbursement policies . . . shall be explained in the plan brochure.") The brochure text, in turn, provides that if an enrollee has received benefits from the plan and a recovery from a third party, the enrollee is obligated to reimburse or subrogate the Plan for benefits paid. ECF 1-10, PgID 315–16 (2015 statement of benefits brochure); ECF 1-12, PgID 470–72 (2016); ECF 1-14, PgID 627–29 (2017); ECF 1-16, PgID 786–87 (2018). The OPM-APWU contract also states that the carrier "shall subrogate and pursue reimbursement of FEHB claims if doing so would be in the best interests of the FEHBP." ECF 1-6, PgID 64 (2016 OPM-APWU contract). The contract shows that OPM has delegated responsibility to APWU, as a carrier, to pursue reimbursement and subrogation.

Other courts have found that a FEHBA carrier's choice to pursue a subrogation claim against a beneficiary and asserting a lien in state court proceedings constitutes "acting under" a federal agency or officer for the purposes of § 1442(a)(1). *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1245–49 (9th Cir. 2017); *Jacks v. Meridian Resource Co., LLC*, 701 F.3d 1224, 1234 (8th Cir. 2012); *see also Anesthesiology Assocs. of Tallahassee, Fla., P.A. v. Blue Cross Blue Shield of Fla., Inc.*, No. 03–15664, 2005 WL 6717869, at *2 (11th Cir. Mar. 18, 2005) ("A health plan insurer contracting with a government agency under a federal

benefits program is considered a 'person acting under' a federal officer.") (citation omitted). The discretionary language of the OPM's contract with a carrier does not preclude a finding that the carrier acts under a federal officer when it pursues a subrogation claim. *Goncalves*, 865 F.3d at 1248; *Jacks*, 701 F.3d at 1234.

Here, the OPM-APWU contract details the rights of the plan to reimbursement and subrogation and authorizes the carrier to subrogate and pursue reimbursement of FEHB claims. APWU therefore acted under a federal agency or officer for purposes of the officer removal statute.

II. Actions Under Color of Federal Office

Second, APWU must show that "it performed the actions for which it is being sued under color of federal office." *Bennett*, 607 F.3d at 1085 (internal quotations and alternations omitted). Plaintiff sued APWU to prevent it from encumbering her third-party settlement, a result of APWU's efforts to pursue reimbursement and subrogation pursuant to its contract with OPM. Plaintiff therefore sued APWU for actions taken under color of federal office.

III. Colorable Federal Defense

Third, APWU must raise a colorable federal defense. *Bennett*, 607 F.3d at 1085. It does. Here, APWU seeks reimbursement under FEHBA for its payment of Plaintiff's medical treatment expenses. *See* ECF 1, PgID 8. In light of *Nevils*, the argument that § 8902(m)(1) of FEHBA preempts state law is a colorable federal defense. *Goncalves*, 865 F.3d at 1249; *Jacks*, 701 F.3d at 1235. In addition to arguing that FEHBA preempts Michigan law, APWU raises other colorable federal defenses,

7

including federal common law preemption of Michigan contract law and exhaustion as a prerequisite to overcome sovereign immunity. ECF 1, PgID 8–9.

APWU properly removed the case under the federal officer removal statute, and the Court has jurisdiction over the case. The Court will deny Plaintiff's motion for remand.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for remand [7] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: August 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2019, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

8